# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| BASF CORPORATION, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Plaintiff, | |
| v. | |
| COASTLAND AUTO BODY, INC. d/b/a PREMIER COLLISION, | CIVIL ACTION NO._____ |
| Defendant. | |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned Defendant Coastland Auto Body, Inc. d/b/a Premier Collision ("Defendant"), alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Defendant is a corporation that, at times relevant to this action, was organized and existing under the laws of the State of Florida, with an address of 24073 Production Circle, Bonita Springs, FL 34135, on file with the State of Florida,

Division of Corporations. Defendant's corporate status is currently listed as "inactive" and having been administratively dissolved on September 23, 2022.

3. James M. Walker is the registered agent of Defendant. Upon information and belief, he may be served at 28040 Westbrook Dr, Bonita Springs, FL 34135.

4. At times relevant to the Complaint, Defendant did business as an autobody shop engaged in the business of reconditioning, refinishing, and repainting automobiles, trucks, and other vehicles.

5. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF sells the Refinish Products to distributors, who in turn resell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey, and

Defendant is a citizen of the State of Florida. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant is subject to the personal jurisdiction in this District.

8. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Requirements Agreements*

9. On or about September 1, 2016, BASF and Defendant entered into a Requirements Agreement ("Requirements Agreement"), a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

10. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $699,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM

Refinish Products, net of all distributor discounts, rebates, returns, and credits ("Minimum Purchases").

11. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $168,000.00 in consideration of Defendant's satisfying its obligations under the Requirements Agreement ("Contract Fulfillment Consideration").

12. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant fulfilling the Minimum Purchases requirement by purchasing a minimum of $699,000.00 of BASF Glasurit and RM Refinish Products, Defendant was required to refund the Contract Fulfillment Consideration ($168,000.00) to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

### *Defendant's Breach of the Requirements Agreements*

13. In or about May 2022, Defendant breached the Requirements Agreement by, inter alia, ceasing its operations by selling its business prior to fulfilling 100% of its Minimum Purchases requirement of BASF Refinish Products and by also refusing to refund the Contract Fulfillment Consideration to BASF.

14. At the time of Defendant's breach of the Requirements Agreement, Defendant had purchased $609,806.95 in BASF Refinish Products, leaving a purchase balance of approximately $89,193.05 due and owing under the terms of the Requirements Agreement.

15. Defendant's $609,806.95 in purchases of BASF Refinish Products at the time it breached and terminated the Requirements Agreement constitute greater than 4/5ths but less than 5/5ths of the Minimum Purchases requirement, triggering an obligation under Paragraph 3 of the Requirements Agreement to refund 35% of the Contract Fulfillment Consideration ($58,800.00) to BASF.

16. In breach of the Requirements Agreement, Defendant has failed and refused to refund 35 % of the Contract Fulfillment Consideration, which is $58,800.00, to BASF.

17. By letter sent to both 24073 Production Circle, Bonita Springs, FL 34135 and 5939 Shirley Street, Naples, FL 34109, dated September 15, 2022, a

true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

18. By letter sent to 28040 West Brook Dr, Bonita Springs, FL 34135, dated October 14, 2022, a true and accurate copy of which is attached hereto as Exhibit C, BASF again gave Defendant notice that it was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF again notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

19. Despite the foregoing, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement.

## COUNT I
### Breach of Contract

20. BASF incorporates by reference the allegations contained in the above paragraphs.

21. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of

$699,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products net of all distributor discounts, rebates, returns, and credits.

22. Despite Defendant's obligations under the Requirements Agreement and in breach thereof, Defendant failed to meet the Minimum Purchases requirement under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

23. A purchase balance of at least $89,193.05 remains outstanding under the terms of the Requirements Agreement.

24. Because of Defendant's breach of the Requirements Agreement without legal excuse, Defendant is obligated to refund 35% of the $168,000.00 Contract Fulfillment Consideration to BASF, which amounts to $58,800.00.

25. Despite Defendant's obligations under the Requirements Agreement and in breach thereof, Defendant has failed and refused to pay BASF $58,800.00 for 35% of the Contract Fulfillment Consideration.

26. As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach of the Requirements Agreement, Defendant has damaged BASF under the Requirements Agreement as follows:

　　a. $58,800.00 for 35% of the Contract Fulfillment Consideration; and

      b.    $89,193.05 for the remaining balance of the Minimum Purchases requirement.

27.    BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

28.    As a direct and proximate result of Defendant's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not less than $147,993.05.

**WHEREFORE**, BASF demands judgment against Defendant for breach of the Requirements Agreement, awarding an amount to be determined at trial but not less than $147,993.05, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Unjust Enrichment

29.    BASF incorporates by reference the allegations contained in the above paragraphs.

30.    Through BASF's business relationship with Defendant, Defendant received the benefit of the Contract Fulfillment Consideration provided by BASF in anticipation of the parties' continued business relationship.

31. Defendant terminated the parties' business relationship but, despite a demand for return of the Contract Fulfillment Consideration, it remains unpaid and outstanding to BASF.

32. BASF expected remuneration in the sum of $168,000.00 for the unearned Contract Fulfillment Consideration. Defendant's failure to return this amount to BASF has unjustly enriched Defendant.

33. Permitting Defendant to retain the benefit of the $168,000.00 in unearned Contract Fulfillment Consideration, when Defendant prematurely terminated its business relationship with BASF, would be unequitable and unjust to BASF.

34. By reason of the foregoing, Defendant has been unjustly enriched by $168,000.00, for which BASF is entitled to be compensated in full by Defendant, together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant awarding an amount to be determined at trial but not less than $168,000.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
### Declaratory Relief

35. BASF incorporates by reference the allegations contained in the above paragraphs.

36. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

37. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement.

38. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect and that Defendant is in breach of the Requirements Agreement.

39. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the various requirements agreement.

## DEMAND FOR JURY TRIAL

40. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $147,993.05, together with prejudgment interest;

b. Awarding BASF declaratory judgment indicating that the Requirements Agreement is in full force and effect;

    c.    Awarding BASF all costs and fees of this action as permitted by law; and

    d.    Awarding BASF such other and further relief as this Court deems just and proper.

Dated:    November 11, 2024

                                CARLTON FIELDS, P.A.

                By:   */s/ Daniel C. Johnson*
                     Daniel C. Johnson
                     Florida Bar No. 522880
                     djohnson@carltonfields.com
                     200 S. Orange Avenue, Suite 1000
                     Orlando, FL 32801-3456
                     Tel:   (407) 244-8237
                     Fax:  (407) 648-9099