UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

―――――――――――――――――――X
BASF CORPORATION,

          Plaintiff,

v.

COASTLAND AUTO BODY, INC. d/b/a
PREMIER COLLISION,

          Defendant.
―――――――――――――――――――X

Case No. 24-cv-01037-JLB-NPM

**MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff BASF Corporation ("BASF"), by and through its undersigned attorney, hereby moves for judgment by default against Defendant Coastland Auto Body, Inc. d/b/a Premier Collision ("Defendant") pursuant to Fed. R. Civ. P. 55. In support of this request, BASF relies upon the accompanying Memorandum of Law and annexed materials.

## I.    INTRODUCTION

This action arises out of the failure and refusal by Defendant to make good on its contractual obligations to BASF. Defendant, an auto body shop, entered into a contract (the "Requirements Agreement") with BASF to fulfill one hundred percent

1

of Defendant's automotive refinish product requirements exclusively with BASF RM and Glasurit refinish products up to a minimum purchase requirement of $699,000.00 ("Minimum Purchases"). In consideration of Defendant's anticipated performance under the Requirements Agreement, BASF paid Defendant $168,000.00 ("Contract Fulfillment Consideration").

Defendant agreed that, if the Requirements Agreement were terminated for any reason prior to Defendant's fulfilling its Minimum Purchases requirement, Defendant was required to refund the Contract Fulfillment Consideration to BASF in accordance with a prorated schedule based on Defendant's purchases of BASF refinish products.

Rather than perform as agreed, Defendant, without any justification, breached and ultimately terminated the Requirements Agreement by, among other things, ceasing to purchase BASF Refinish Products prior to fulfilling the Minimum Purchases requirement, as well as failing and refusing to refund the unearned Contract Fulfillment Consideration to BASF. At the time the Requirements Agreement was terminated, Defendant had purchased only $609,806.95 of BASF refinish products, greater than 4/5ths but less than 5/5ths of the Minimum Purchases requirement, leaving a Minimum Purchases balance of $89,193.05 due and owning

and triggering Defendant's obligation to refund 35% of the Contract Fulfillment Consideration, which is $58,800.00 to BASF.

Defendant has failed and refused to pay the Contract Fulfilment Consideration owed to BASF or pay BASF the balance of the Minimum Purchases requirement.

BASF filed its Complaint asserting causes of action for breach of contract, unjust enrichment, and declaratory relief against Defendant on November 11, 2024. (*See* ECF No. 1.) On December 31. 2024, BASF served Defendant, and it filed proof of service on February 7, 2025. (*See* ECF No. 11.) On February 19, 2025, the Court directed the clerk of the court to enter default as to Defendant, and the clerk of the court entered default as to Defendant that day. (*See* ECF No. 12.)

All the procedural and substantive requirements for entry of default judgment have been fulfilled, and thus BASF hereby moves the Court to enter default judgment against Defendant so that BASF may recover damages for the harm it has suffered as a result of Defendant's actions.

## II.  STATEMENT OF RELEVANT FACTS

BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers, as well as other related products and materials, for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). (*See* ECF No. 1, at ¶ 4.) On or about

September 1, 2016, BASF and Defendant entered into the Requirements Agreement. (*See id.*, at ¶ 9; Declaration of Caroline Cooper, dated March 26, 2024 ("Cooper Declaration"), attached hereto as Exhibit 1, at ¶ 3.)

In the Requirements Agreement, which is governed by Michigan law, Defendant agreed to fulfill one hundred percent of its requirements for Refinish Products up to the Minimum Purchases requirement of $699,000.00 with BASF Glasurit and RM Refinish Products. (*See* Complaint, ECF No. 1, at ¶ 10; Cooper Declaration, Exhibit 1, at ¶ 4.) BASF gave the $168,000.00 Contract Fulfillment Consideration to Defendant in consideration Defendant's fulfilling its obligations under the Requirements Agreement. (*See* ECF No. 1, at ¶ 11; Cooper Declaration, Exhibit 1, at ¶ 5.)

If the Requirements Agreement were terminated for any reason before Defendant satisfied the Minimum Purchases requirement, Defendant was required to refund the Contract Fulfillment Consideration according to the following schedule:

| **Purchases** | **Contract Fulfillment Consideration Refund** |
|---|---|
| Less than 1/5 of Minimum Purchase | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchase | 95% |

4

| | |
|---|---|
| Less than 3/5 and greater than 2/5 of Minimum Purchase | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchase | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchase | 35% |
| After 5/5 of Minimum Purchase | 0% |

(*See* ECF No. 1, at ¶ 12; Cooper Declaration, Exhibit 1, at ¶ 6.)

In May 2022, Defendant breached and ultimately terminated the Requirements Agreement by, among other things, severing its business relationship with BASF and ceasing to purchase BASF Refinish Products prior to fulfilling the Minimum Purchases requirement, as well as failing and refusing to refund the unearned Contract Fulfillment Consideration to BASF. (*See* ECF No. 1, at ¶¶ 13-16; Cooper Declaration, Exhibit 1, at ¶ 7.)

At the time Defendant breached and terminated the Requirements Agreement, Defendant had only purchased $609,806.95 in BASF Refinish Products (greater than 4/5ths but less than 5/5ths of the Minimum Purchases requirement), leaving a Minimum Purchases requirement balance of $89,193.05 due and owing to BASF under the terms of the Requirements Agreement and resulting in Defendant's owing 35% of the Contract Fulfillment Consideration, which is $58,800.00, to BASF. (*See* Complaint, ECF No. 1, at ¶¶ 14-15; Cooper Declaration, Exhibit 1, at ¶ 8.) Defendant has failed and refused to pay BASF $58,800.00 for the unearned Contract

Fulfillment Consideration and $89,193.05 for the Minimum Purchases requirement balance. (*See* Complaint, ECF No. 1, at ¶¶ 14-16; Cooper Declaration, Exhibit 1, at ¶ 9.) BASF has suffered substantial pecuniary damages as a result of Defendant's breaches of the Requirements Agreement. (*See* Complaint, ECF No. 1, at ¶ 26; Cooper Declaration, Exhibit 1, at ¶ 10.)

### III.   PROCEDURAL HISTORY

BASF filed its Complaint asserting causes of action for breach of contract, unjust enrichment, and declaratory relief against Defendant on November 11, 2024. (See ECF No. 1.) On December 31, 2024, BASF served Defendant, and it filed proof of service on February 7, 2025. (See ECF Nos. 11.)

On February 19, 2025, and as a result of Defendant's failure to comply with the Court's November 19, 2024 Order, the clerk of the court entered default against Defendant (*See* ECF No. 12; Johnson Declaration ¶ 8.)

### IV.   LEGAL STANDARD

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *United States v. Fleming*, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a Defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" *Id*. (quoting *Solaroll Shade and Shutter Corp..*

*Inc. v. Bio-Energy Svs., Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986)). "A 'Defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

The United States Court of Appeals for the Eleventh Circuit has held that "[a]lthough facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). As set forth more fully below, BASF has done so here.

## V. ARGUMENT

Default judgment is appropriate because BASF has satisfied the procedural requirements for default judgment, Defendant has failed to plead or otherwise defend against the well-pleaded claims in BASF's Complaint, and BASF has demonstrated a basis for the specified damages.

7

Defendant's delay is not result of any culpable misconduct by BASF. BASF has satisfied the applicable procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55. It has established that the Clerk of the Court issued a Certificate of Default against Defendant on December 3, 2024; the default is based on Defendant's failure to respond the Court's Order to Show Cause issued on November 19, 2024; and Defendant as a corporation is neither an infant, an incompetent person, a member of the U.S. Military, nor otherwise exempted under the Servicemembers' Civil Relief Act. (*See* Johnson Declaration, Exhibit 2, at ¶¶ 9.)

BASF has properly alleged the elements of its claims. With respect to BASF's breach of contract claim, BASF has alleged, as required by Michigan law, that (1) there was a contract, (2) the other party breached the contract, and (3) the breach resulted in damages to the party claiming breach. *See Media One Commc'ns LLC v. Macatawa Bank Corp.*, No. 333153, 2017 WL 2989039, at *2 (Mich. Ct. App. July 13, 2017). BASF has also pleaded the essential elements of a valid contract: (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *See Hess v. Cannon Twp.*, 696 N.W.2d 742, 748 (2005).

Certainly, the Complaint alleges that Defendant is a corporation (and thus is competent to contract); that the Requirements Agreement's subject matter is the sale

8

and purchase of Refinish Products; that Defendant agreed to purchase BASF Refinish Products for all its requirements for Refinish Products up to $699,000.00; that Defendant received $168,000.00 from BASF as consideration for Defendant's anticipated fulfillment of its obligations under the Requirements Agreement; that Defendant was to pay BASF the unearned Contract Fulfillment Consideration if the Requirements Agreement were terminated before Defendant fulfilled its Minimum Purchases requirement. (*See* Complaint, ECF No. 1, at ¶¶ 2, 4, 9-16.) BASF has moreover provided a signed copy of the Requirements Agreement that demonstrates a mutuality of agreement and obligation. (*See* ECF No. 1, at Exhibit A.)

     These facts, which must be taken as true given Defendant's default, are sufficient to establish the existence of a contract between BASF and Defendant. BASF has also alleged that Defendant breached its obligations under the Requirements Agreement by failing to fulfill its Minimum Purchases requirement of $699,000.00 and refusing to pay the $58,800.00, which equals 35% of the $168,000.00 Contract Fulfillment Consideration. (*See* ECF No.1, at ¶¶ 10-15.) BASF has alleged that it suffered substantial damages of at least $147,993.05 due and owing under the terms of the Requirements Agreement. (*See* ECF No. 1, at ¶ 28.)

9

BASF has also asserted well-pleaded claims for unjust enrichment by alleging "(1) the receipt of a benefit by the Defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the Defendant." *See AFT Mich. v. Michigan*, 846 N.W.2d 583 (2014), aff'd sub nom *AFT Mich. v. State of Michigan*, 497 Mich. 197 (2015). Indeed, the Complaint indicates that through BASF's business relationship with Defendant, Defendant received the benefit of the Contract Fulfillment Consideration. (*See* ECF No. 1, at ¶ 40.) Despite BASF's demand for repayment of the Contract Fulfillment Consideration, Defendant has failed and refused to return the unearned $168,000.00 Contract Fulfillment Consideration to BASF. (*See* Complaint, ECF No. 1, at ¶ 42.) The Complaint indicates that permitting Defendant to retain the unearned Contract Fulfillment Consideration when Defendant prematurely terminated its business relationship with BASF would result in inequity to BASF. (*See* ECF No. 1, at ¶ 43.) These facts are sufficient to establish unjust enrichment, entitling BASF to recover no less than $168,000.00 on its unjust enrichment claim.

Finally, the uncontested facts show that BASF is entitled to the money damages identified in the Complaint and the Cooper Declaration. *See* Fed. R. Civ. P. 8(b)(6). Pursuant to the parties' Requirements Agreement, Defendant agreed to fulfill 100% of its requirements for Refinish Products with BASF Refinish Products, with

a Minimum Purchases requirement of $699,000.00. (*See* Exhibit 1, Cooper Declaration, at ¶ 4.) In consideration of Defendant fulfilling its obligations under the Requirements Agreement, Defendant received $168,000.00 in Contract Fulfillment Consideration from BASF. (*See id.* at ¶ 5.) If the Requirements Agreement were terminated for any reason prior to Defendant's purchasing 5/5ths (but greater than 4/5ths) of its Minimum Purchases requirement, Defendant was to refund 35% of the Contract Fulfillment Consideration to BASF. (*See id.* at ¶ 6.)

Here, after Defendant had purchased only $609,806.95 in BASF Refinish Products (leaving a Minimum Purchases balance of $89,193.05 due and owing), it breached terminated the Requirements Agreement. *See id.* at ¶¶ 14-15. Defendant has failed and refused to pay BASF the sum of $89,193.05, which equals 35% of the $58,800.00 Contract Fulfillment Consideration and the $147,993.05 balance of the Minimum Purchases requirement. (*See* ECF No. 1, at ¶¶ 16-19; Cooper Declaration, at ¶¶ 9-10.) As a result, Defendant is indebted to BASF in the amount of $147,993.05. *See* ECF No. 1*,* at ¶ 28; *see also Davidson v. Gen. Motors. Corp.,* 119 Mich.App. 730, 733, 326 N.W.2d 625 (1982), mod. on other grounds on reh.136 Mich.App. 203, 357 N.W.2d 59 (1984) (indicating that under Michigan law, the proper measure of damages for a breach of contract is the pecuniary value of the

benefits the aggrieved party would have received if the contract has not been breached).

Because Defendant has failed to defend this action as described above, default judgment should now be entered under Fed. R. Civ. P. 55(b) against Defendant in the amount of $147,993.05, plus BASF's costs totaling $605.00 (*see* Exhibit 2, Johnson Declaration, at ¶ 16.) The record, including the detailed Cooper Declaration and Johnson declaration, establish an award of damages against Defendant without a hearing.

## CONCLUSION

Based on the foregoing, BASF respectfully requests that the Court grant BASF's Motion for Default Judgment against Defendant in the amount of $147,993.05 plus $605.00 in costs, as well as such other further relief as the Court may deem just and proper.

Dated: March 26, 2025

CARLTON FIELDS, P.A.

By: */s/ Daniel C. Johnson*
Daniel C. Johnson
Florida Bar No. 522880
djohnson@carltonfields.com
200 S. Orange Avenue, Suite 1000
Orlando, FL 32801-3456
Tel:  (407) 244-8237
Fax:  (407) 648-9099