# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**BASF CORPORATION**,
    Plaintiff,

v.                                                                 2:24-cv-1037-KCD-NPM

**COASTLAND AUTO BODY, INC.**, d/b/a, Premier Collision,
    Defendant.
_____

## ORDER

This is a breach-of-contract action based on a written Requirements Agreement, which obligated defendant Coastland Auto Body, Inc. to purchase $699,000 of plaintiff BASF Corporation's products, and under which BASF advanced $168,000 to Coastland, subject to a reimbursement provision. (Doc. 1).[1] The clerk previously defaulted Coastland for failing to answer or otherwise defend after being properly served. (Docs. 11, 12). Now, BASF seeks a default judgment. Its request is based on the agreement attached to the complaint (Doc. 1-1), so the requested judgment does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). And because the claim is for "a sum that can be made certain by computation," the clerk may enter the judgment without court review. Fed. R. Civ. P. 55(b)(1).[2]

---

[1] By failing to answer, Coastland has admitted to the complaint's allegations other than those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6).

[2] *See also* 28 U.S.C. § 636(b)(3).

We have subject-matter jurisdiction because plaintiff BASF is a citizen of New Jersey, defendant Coastland is a citizen of Florida, and the amount in controversy plainly exceeds $75,000. (Doc. 1 at 7-8).[3] Coastland failed to purchase $89,193.05 of the required $699,000. And that breach further entitles BASF to a thirty-five percent refund of the $168,000 advanced to Coastland. (Doc. 1-1 at 3). We have personal jurisdiction because Coastland is a Florida corporation; it is at home and was served here.

The complaint, contract, and declarations supplied in support of the request for default judgment (Docs. 1, 1-1, 13-1, 13-2) substantiate BASF's damages as follows:

- The remaining minimum purchase requirement of **$89,193.05** (Doc. 1-1 at 2; Doc. 13 at 2), and
- Thirty-five percent of the $168,000 contract-fulfillment consideration, totaling **$58,800**. (Doc. 1-1 at 3).

The **CLERK** is directed to **GRANT** BASF's request (Doc. 13) and enter a default judgment against Coastland for **$147,993.05**. Post-judgment interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a). To tax costs, BASF must file a proposed Bill of Costs (AO Form 133) and its required documentation within a reasonable time after the entry of judgment. Any motion for fees or non-taxable expenses is governed by Local Rule 7.01.

---

[3] *See* 28 U.S.C. § 1332(a)(1).

**ORDERED** on October 9, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge